## Commonwealth v. Blackmore

*C. J. Reap*, for plaintiff.

*A. A. Vosburg* and *W. B. Landis*, for defendant.

HOBAN, J., January 27, 1937.—Plaintiff seeks to collect from the defendant $500 alleged to be forfeited to the Commonwealth by an order of the Public Service Commission made March 13, 1934, in the matter of Arrow Carrier Corporation v. A. Blackmore Transportation Company, Public Service Commission Complaint Docket, no. 9427. The final paragraph of the report and order of the commission is as follows:

"The Commission finds that respondent, Arnold M. Blackmore, trading as A. Blackmore Transportation Company, has violated the provisions of the Public Service Company Law on ten (10) separate occasions, to wit: March 13, 14, 1933, and May 1, 2, 3, 4, 5, 6, 8, 9, 1933, and has thereby forfeited to the Commonwealth of Pennsylvania the sum of five hundred dollars ($500.00); therefore

"Now, to wit, March 13, 1934, it is ordered: that the complaint be and is hereby sustained."

This is followed by another paragraph prohibiting defendant from operating motor vehicles as a common car-

rier in violation of the provisions of The Public Service Company Law of July 26, 1913, P. L. 1374.

The affidavit of defense raising questions of law challenges the statement, first, because the Public Service Commission had no jurisdiction to impose a fine of $500 on defendant and exceeded its authority by so doing; second, because the statement of claim is insufficient and inadequate, in that it fails to show the imposition of any fine or of any lawful order of the Public Service Commission directing defendant to pay the sum of $500.

On the question of the jurisdiction of the Public Service Commission, we think defendant is concluded by the order unless he appeals, as provided in The Public Service Company Law, to the Superior Court. Having failed to take his appeal within 30 days as provided by law, the matter so far as this court is concerned is res judicata. Accordingly, defendant's exceptions 1 and 2 are dismissed. These two exceptions are generally included in the first reason stated above.

Defendant's objection to the sufficiency of the statement of claim to show the imposition of a fine goes to the failure of the commission at the end of its report to make a definitive order other than the paragraph quoted supra, imposing a fine or directing defendant to pay a certain amount to the Commonwealth. But we are of the opinion that the formal finding of the commission that defendant "has thereby forfeited to the Commonwealth of Pennsylvania the sum of five hundred dollars" is sufficient to show a debt owing by defendant to the Commonwealth upon which a suit for recovery may be brought. It must be remembered that the Public Service Commission, while a body possessing semi-judicial functions, is not a court, and that in fact it must look to courts of the Commonwealth to enforce by criminal or civil action its decrees, so that its findings or orders are not in the nature of judgments as understood at common law. Therefore, a clear finding by the Public Service Commission, as in the case at bar, that defendant is in fact indebted by forfeiture to

the Commonwealth of Pennsylvania is sufficient to lay the basis for an action at law to recover the amount so forfeited.

Now, January 27, 1937, the questions of law raised in the affidavit of defense are found in favor of plaintiff, and defendant is granted 15 days from the date hereof to file an answer to the merits.